IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 7, 2011

**DONNA LEIGH PEARSON v. STATE OF TENNESSEE**

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2009-D-3042 & 2009-D-3183     Cheryl Blackburn, Judge**

**No. M2011-00216-CCA-R3-PC - Filed March 23, 2012**

THOMAS T. WOODALL, J., concurring in results only.

        I concur with the majority opinion in result only for the reason that the post-conviction trial court erred by granting Petitioner a delayed appeal as to her sentence. The post-conviction trial court filed a fifteen-page order of disposition of the post-conviction petition, setting forth in detail its findings of fact and conclusions of law. I have carefully reviewed this order and have found no findings of fact by the post-conviction trial court which support the granting of post-conviction relief to Petitioner to the extent of granting a delayed appeal of the sentence imposed upon her. In fact, I find the term "delayed appeal" mentioned only in the order's introduction, ("The Court, however, shall grant Petitioner the opportunity to seek a delayed appeal as to her sentence.") and in its conclusion ("The Court, however, shall grant Petitioner the opportunity to seek a delayed appeal as to her sentence."). No reasons are provided for the granting of the delayed appeal. The proof at the post-conviction hearing was that trial counsel informed Petitioner that he would not be representing her on appeal of her sentence, but that he informed her she was entitled to an appeal of the sentence. Furthermore, the record reflects that trial counsel was retained to represent Petitioner in the trial court, but had not been retained to represent her on appeal. Petitioner filed a *pro se* "Notice of Appeal," but on the advice of the inmate "law clerks" at the correctional facility, she voluntarily dismissed her appeal. There is nothing in the post-conviction trial court's comments from the bench following the hearing, or in its order on the post-conviction petition, setting forth any deficiency by the trial counsel, or, obviously, any resulting prejudice to Petitioner as a result of *deficient representation* by trial counsel regarding appeal of the sentence. It appears from the record that the post-conviction court gratuitously granted Petitioner a delayed appeal with no constitutional basis found to grant such relief. Trial counsel may have provided deficient representation; if so, Petitioner may have been prejudiced thereby. However, the post-conviction court made no factual findings to either support or reject these conclusions. Accordingly, I would reverse that portion of the order granting a "delayed appeal" and affirm the dismissal of the Petition for post-conviction relief.

_____
THOMAS T. WOODALL, JUDGE